FILED
JAN 2 2 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCELA LUNSFORD,

    Petitioner,

vs.

TINA HORNBEAK, Warden,

    Respondent.

No. C 08-5038 PJH (PR)

**ORDER TO REOPEN CASE AND FOR PETITIONER TO SHOW CAUSE**

This pro se habeas action was filed on November 4, 2008. On that same day the court notified petitioner that her application for leave to proceed in forma pauperis ("IFP") was incomplete, and gave her thirty days to cure the defect. When the defect was not cured, the court entered an order of dismissal and a judgment. These were entered on December 16, 2008. However, on December 15, 2008, petitioner had paid the five-dollar filing fee and filed a complete application to proceed IFP. This did not come to the court's attention before the dismissal was entered as the filings had not yet been entered on the docket when the order and judgment were signed.

## DISCUSSION

**A. Motion for Extension of Time**

On July 1, 2009, petitioner filed a "Request for Extension of Time," which on its face is a request for an extension of time to December 15, 2009, to file a "certificate of funds and habeas action." In her reasons for the request, she says, among other things, that she has filed a complaint against the warden for "denial without prejudice based on incomplete submission of 'Certificate of Funds in Inmate Account.'" Although it is difficult to see the relevance of this, it does show that she has received the order of dismissal. She also says

she has "new information about charges and jury instruction" and "new writ to be filed."

Although it is far from certain, the court concludes that petitioner is requesting an extension of time to file a new habeas case. The court lacks the power to preemptively extend the limitations period for filing a habeas petition, but because petitioner in fact had paid the filing fee before the order of dismissal in this case, the motion for an extension of time will be construed as a motion to reconsider the dismissal and will be granted. See Fed. R.Civ.P. 60(b)(1) (mistake as basis for relief from judgment); *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999) (Rule 60(b)(1) reference to "mistake" includes mistake by the judge; noting that court can correct its own mistake sua sponte "months after judgment").

**B. Review of Petition**

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. See 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in her habeas petition. See *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

Petitioner says in the petition that her conviction was affirmed by the California Court of Appeal. She has left blank the space on the form petition for further appeals, so it appears she did not file a petition for review in the California Supreme Court. She also has answered "no" to a question whether, other than appeals, she has filed any other actions related to the case. It thus appears that she has not presented her claims to the highest state court available, the California Supreme Court, and thus has not exhausted. She will be ordered to show cause why this petition should not be dismissed for failure to exhaust.

If case is not dismissed as unexhausted, petitioner will be afforded an opportunity to amend the petition, if she has new claims to add. She should note that to avoid dismissal

of the petition as mixed any such new claims must be exhausted.

## CONCLUSION

Petitioner's motion (number 10 on the docket), treated as a motion to set aside judgment, is **GRANTED**. The clerk shall reopen this case.

Petitioner shall show cause within thirty days of the date this order is entered why the petition should not be dismissed for failure to exhaust. If petitioner does not establish that the claims are exhausted, or if she does not respond within the time allowed, the case will be dismissed.

**IT IS SO ORDERED.**

Dated: 1/22/10

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.08\LUNSFORD5038.EXT.wpd