UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCELLA LUNSFORD,

    Petitioner,

vs.

TINA HORNBEAK, Warden,

    Respondent.

No. C 08-5038 PJH (PR)

**ORDER FOR RESPONDENT TO SHOW CAUSE**

This is a habeas case filed pro se by a state prisoner. Because petitioner Lunsford said in the petition that she pursued her direct appeal only to the California Court of Appeal, and did not list any other proceedings, she was ordered to show cause why the petition should not be dismissed as unexhausted.

**EXHAUSTION**

In response to the order to show cause petitioner has filed documents showing that she unsuccessfully petitioned the California Supreme Court for review, and that a state habeas petition also was denied by that court. In a subsequent letter she has provided copies of the petition for review and her state habeas petition in the California Supreme Court. Petitioner has adequately pleaded exhaustion. The order to show cause is discharged.

**SCREENING**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet

heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

Petitioner's claims are raised by incorporation of her petition for review. The issues therefore are that (1) her due process rights were violated by the trial court's failure to instruct on the required mens rea for an aider and abettor; (2) her due process rights were violated when the trial court's instructions on theories of first degree murder were erroneous; (3) her due process rights were violated by the trial court's failure to correctly instruct on conspiracy; (4) her due process rights were violated by the trial court's failure to instruct on withdrawal from the conspiracy and withdrawal from aiding and abetting; (5) the prosecutor committed misconduct by interfering with petitioner's right to call a witness; (6) the prosecutor committed misconduct by claiming that a witness was dishonest by contending that two different men were the father of her child; and (7) the prosecutor committed misconduct by arguing that a witness could not read. These claims are sufficient to require a response.

Lunsford has pending another habeas case challenging the same conviction, C 10-0136 PJH (PR), *Lunsford v. Henry*. In that case the court granted respondent's motion to dismiss the petition as mixed and granted petitioner's request for a stay and abeyance to allow her to exhaust. When that case is reopened the parties may wish to consider moving to consolidate it with this case.

///

## CONCLUSION

1. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and his attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, she shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fourteen days of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: November 6, 2012.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.08\LUNSFORD5038.osc-R.wpd

3